RWP/sls

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6222 CR-DIMITROULEAS**

18 USC 1542
18 USC 911
18 USC 1621

**MAGISTRATE JUDGE
SNOW**

UNITED STATES OF AMERICA

v.

KAREN ANN MARIE JOHNSON-BELLERIVE,

    Defendant.
_____/



### INDICTMENT

The Grand Jury charges that:

#### COUNT I

On or about June 16, 2000, at Broward County, in the Southern District of Florida, the defendant,

KAREN ANN MARIE JOHNSON-BELLERIVE,

did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for her own use, contrary to the laws regulating the issuance of



such passports and the rules prescribed pursuant to such laws, in that the defendant stated in said application that she was born in the U.S. Virgin Islands and a citizen of the United States, when in truth and in fact, and as the defendant then and there well knew, she was not born in the U.S. Virgin Islands and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1542.

### COUNT II

On or about June 16, 2000, at Broward County, in the Southern District of Florida, the defendant,

KAREN ANN MARIE JOHNSON-BELLERIVE,

an alien, did knowingly and willfully falsely represent herself to be a citizen of the United States, in that she presented a birth certificate from the U.S. Virgin Islands, claiming this to be her own birth certificate, in an attempt to induce and secure the issuance of a passport; in violation of Title 18, United States Code, Section 911.

### COUNT III

On or about June 16, 2000, at Broward County, in the Southern District of Florida, the defendant,

KAREN ANN MARIE JOHNSON-BELLERIVE,

having duly taken an oath, before Ms. Marie Dietz, a competent passport agent of the Department of State, duly authorized and empowered by the Secretary of State to administer oaths under the

2

provisions of Title 22, United States Code, Section 213, to verify the truth of recitals in applications for passports, that the written declarations she had made on her application for a United States passport were true, did willfully and knowingly and contrary to said oath state material matters which she then and there did not believe to be true, in that she stated under oath as aforesaid that she was born in the U.S. Virgin Islands and was a citizen of the United States, when in truth and in fact and as the defendant then and there well knew, she was not born in the U.S. Virgin Islands and was not a citizen of the United States; in violation of Title 18, United States Code, Section 1621.

A TRUE BILL

_Leonard Roth_
FOREPERSON

_Steven R. Peter_
for GUY A. LEWIS
UNITED STATES ATTORNEY

_Roger W. Powell_
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**          **CASE NO.** _____

v.                                    **CERTIFICATE OF TRIAL ATTORNEY***

KAREN ANN MARIE JOHNSON-BELLERIVE     **Superseding Case Information**:

**Court Division:** (Select One)      New Defendant(s)      Yes ___  No ___
                                       Number of New Defendants ___
___ Miami  ___ Key West               Total number of counts ___
X   FTL    ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No) NO _____
   List language and/or dialect _____

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I    0 to 5 days        X___      Petty       ___
   II   6 to 10 days       ___       Minor       ___
   III  11 to 20 days      ___       Misdem.     ___
   IV   21 to 60 days      ___       Felony      X___
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _____ NO _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes  X  No

                                    *Roger W. Powell*
                                    ROGER W. POWELL
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Florida Bar No. 341411

*Penalty Sheet(s) attached                                          REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant Name: **KAREN JOHNSON-BELLERIVE**          Case No. _____

Count #: **1**

**False Statement in Application for U.S. Passport**

**Title 18, United States Code, Section 1542**

**\*Max. Penalty: 10 years' Imprisonment; and $250,000 fine.**

Count #: **2**

**False Claim to U.S. Citizenship**

**Title 18, United States Code, Section 911**

**\*Max. Penalty: 3 years' Imprisonment; and $250,000 fine**

Count #: **3**

**Perjury**

**Title 18, United States Code, Section 1621**

**\*Max. Penalty: 5 years' Imprisonment; and $250,000 fine**

Count #:



**\*Max. Penalty:**

Count #:



**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**          10/9/98