UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6222-CR-DIMITROULEAS

Plaintiff,

vs.

KAREN JOHNSON-BELLERIVE,

Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

THIS CAUSE having come before the Court on Defendant's October 25, 2000 Motion To Dismiss Indictment and the Court having been fully advised, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss Indictment is hereby DENIED. Where each statute requires proof of an additional fact which the other statute does not, double jeopardy is not violated and the indictment is not multiplicitous. Blockberger v. U.S., 284 U.S. 299 (1932); U.S. v. Soope, 169 F. 3d 257, 265 (5th Cir.), cert. denied, 119 S.Ct. 2353 (1999). The fact that there is substantial overlap in the proof offered at trial to establish the crimes does not prohibit multiple convictions and punishments. U.S. v. Lankford, 196 F. 3d 563 (5th Cir. 1999). Sections 1542 and 1621 qualify as separate offenses under the Blockburger test. U.S. v. Sotelo, 940 F. 2d 1537, 1991 W.L. 156003 (9th Cir. 1991).

Section 1542 requires proof of:

    A) a knowing and willful false statement
    B) in a passport application
    C) with intent to induce issuance of a passport.



Section 1621 requires proof of:

    A) knowing and willful false statement
    B) made under oath

Section 911 requires proof of:

    A) defendant was an alien
    B) who falsely represented herself to be a U.S. citizen
    C) and made the false representation knowingly and willfully.

Since there are different elements in each statute, multiple convictions are permissible.

Moreover, the Court could always dismiss multiplicitous counts after a conviction, but before sentencing. U.S. v. Matthews, 2000 W.L. 1289763 (9th Cir. 2000).

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of October, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Timothy Day, AFPD

Roger Powell, AUSA